NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES M. HOLZNER, M.D., Relator, individually, | No. 21-55261 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01250-JLS-DFM |
| and | |
| UNITED STATES OF AMERICA, ex rel, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| DAVITA INC., a Delaware Corporation; et al., | |
| Defendants-Appellees, | |
| and | |
| LIFELINE VASCULAR CARE; SOUTHWEST KIDNEY INSTITUTE, PLC, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 18, 2022

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and LASNIK,** District Judge.

Charles M. Holzner, M.D., appeals the dismissal of claims brought on behalf of himself and the United States alleging three interconnected frauds designed to optimize appellees' profits by providing medically unnecessary products and services and/or unreasonably expensive medications. Holzner argues that the district court erred in dismissing the claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729, and in denying him leave to further amend the complaint.

"The essential elements of an FCA claim are (1) a false statement or fraudulent course of conduct, (2) made with requisite scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011) (citation omitted). "[A] false certification of medical necessity can give rise to FCA liability." *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1118 (9th Cir. 2020), *cert. denied sub nom. RollinsNelson LTC Corp. v. United States ex rel. Winters*, 141 S. Ct. 1380 (2021). The false statement need not deal with purely objective facts, but rather can involve a subjective opinion or an expression of clinical judgment. *Id.* at 1119. A provider's opinion or

_____

** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

certification that a certain treatment or service is medically necessary can be false or fraudulent "if the opinion is not honestly held, or if it implies the existence of facts—namely, that [the service] is needed to diagnose or treat a medical condition, in accordance with accepted standards of medical practice—that do not exist." *Id.*

Holzner's Fourth Amended Complaint does not contain sufficient facts, accepted as true, to state a plausible claim of false or fraudulent billing related to the appellees' provision of dialysis treatments, the prescription drug Sensipar, or the prescription drug Renagel. The medical literature on which Holzner relies is not as definitive as he would have it: it does not establish new guidelines for practitioners or otherwise compel a change of practice among nephrologists. Holzner is attempting to use the FCA to force dialysis facilities to reject the considered opinions of treating nephrologists regarding the need for dialysis treatments, Sensipar, and/or Renagel based on his reading of the relevant literature. The allegations of the Fourth Amended Complaint show no more than a disagreement in clinical judgment. Holzner has not raised a plausible inference that the nephrologists' certifications that these interventions are medically necessary—or appellees' reliance on those certifications—were false or fraudulent.[1]

---

[1] Given that Holzner has failed to plausibly allege a false or fraudulent statement regarding the dialysis treatments, Sensipar, or Renagel, the FCA claim cannot be saved by his allegations of regulatory violations that may have led to (or might have prevented) the non-existent falsehoods.

Because Holzner has not plausibly alleged a false statement, he cannot plausibly allege scienter or materiality as to any of the three schemes.

Holzner argues that the district court erred in dismissing the Fourth Amended Complaint without leave to amend because he could clarify that his Renagel-related claim is based on the allegation that the treatment was not cost effective. Such an amendment would be futile: the nature of Holzner's challenge to the Renagel prescriptions is clear in the Fourth Amended Complaint, and the proposed amendment would not change the outcome of the case. With regards to the dialysis and Sensipar claims, Holzner does not identify any additional facts that could be alleged. The complaint that is currently under review is Holzner's fifth iteration of his claims. In developing the Fourth Amended Complaint, Holzner had the detailed analysis of the district court to guide him and had a full and fair opportunity to address the deficiencies identified. He failed to do so and has not identified any new factual allegations that would give rise to a plausible inference of FCA liability in light of the existing record. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**AFFIRMED**.